UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

HISHAM A. KHALEEL,

                  Plaintiff,

-against-

JOHN E. POTTER, Postmaster General,

                  Defendant.

------------------------------------------------------------- X

05 CV 1547 (ARR)(LB)

NOT FOR
ELECTRONIC OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

The court has received plaintiff's fax, dated April 11, 2006, entitled "A Mandatory Emergency Request/Letter of Motion for a Reconsideration of the Whole Issues of 4/04/06 Decision/Order of Hon. Maj. Bloom & Also Reconsidering the Plaintiff's Ultimate Dual Motions of It's Two Purpose for an Extension of Time & to Quash the Defendant's Letter of 3/27/06 in the Light of the Emergency Submission Herein Dated 04/10/06."

A.     **Notice that Future Faxed Submissions Will NOT Be Accepted**

First, the court notes plaintiff's submission by fax is accepted on this <u>one occasion only</u>. The court will consider this faxed submission only because plaintiff was apparently given permission to submit this document by fax by a member of the court's staff who was not aware that Magistrate Judge Bloom had previously denied plaintiff's requests for permission to submit documents by fax. Plaintiff is hereby INFORMED that <u>no</u> future faxed submissions will be accepted by Judge Ross. Any documents faxed to Judge Ross in the future will be <u>disregarded</u>

1

by the court. If plaintiff wishes to file documents with the court, he should mail or bring them to the Clerk's Office to be filed.

**B.   Status of Plaintiff's Appeal of Magistrate Judge Bloom's Order of October 25, 2005**

The court has received plaintiff's interlocutory appeal requesting review of Magistrate Judge Bloom's Order dated October 25, 2005. Plaintiff's appeal was originally incorrectly docketed as an appeal to the Second Circuit. Because the U.S. District Judge decides appeals of Magistrate Judge's discovery orders, plaintiff's appeal was transferred to Judge Ross. The appeal is currently being re-docketed, and should appear on the docket sheet soon.

The court informs plaintiff that it is currently reviewing Magistrate Judge Bloom's Order dated October 25, 2005, including both the documents submitted by plaintiff and defendant and the transcript of the hearing held on October 20, 2005. The court will rule on plaintiff's appeal as soon as possible.

**C.   Plaintiff's Request for Review of Magistrate Judge Bloom's Decisions**

The court has reviewed plaintiff's request – per his April 10, 2006 faxed submission – for review of (1) Magistrate Judge Bloom's Order dated April 4, 2006 and (2) Magistrate Judge Bloom's denial of plaintiff's request for an extension of time to complete discovery.

Rule 72(a) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) establish that a district court shall reverse a Magistrate Judge's order regarding a non-dispositive matter only where the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (1988); Fed. R. Civ. P. 72(a). Because pretrial discovery matters are

generally considered "non-dispositive" matters, they are reviewed under this "clearly erroneous" standard. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522 (2d Cir. 1990); Popular Imports, Inc. v. Wong's Int'l, Inc., 166 F.R.D. 276, 277 (E.D.N.Y. 1996).

The Supreme Court has stated that a finding is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting United States v. United Gypsum Co., 333 U.S. 364, 395 (1948)). The courts have held that, under this "highly deferential standard of review," magistrate judges are "'afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused.'" Lyondell-Citgo Ref., LP v. Petroleos de Venez., S.A., No. 02 Civ. 0795, 2005 U.S. Dist. LEXIS 3635, at *5 (S.D.N.Y. Mar. 9, 2005) (quoting Derthick v. Bassett-Walker Inc., Nos. 90 Civ. 5427, 90 Civ. 7479, & 90 Civ. 3845, 1992 U.S. Dist. LEXIS 14505, at *8 (S.D.N.Y. Sept. 23, 1992); see also Perez v. Consol. Edison Co. of N.Y., Inc., No. 02 Civ. 2832, 2003 U.S. Dist. LEXIS 20028, at *5 (S.D.N.Y. Nov. 10, 2003).

1. **Magistrate Judge Bloom's Order of April 4, 2006**

In her Order dated April 4, 2006, Magistrate Judge Bloom ordered that:

- Plaintiff produce any documents that he intends to use to support his claim, and any documents that are responsive to defendant's document requests, to defendant by April 14, 2006. Plaintiff must either copy these documents at his own expense, or have defendant copy the documents for him while he is waiting in defendant's reception area. Plaintiff may NOT insist that defendant allow him to be present while the documents are being copied for him.

- Schedule plaintiff's deposition for April 17th, 18th, 19th, or 20th, and appear to be deposed on the scheduled date.

Having reviewed the relevant documents and Magistrate Judge Bloom's April 4, 2006 decision, this court finds that Magistrate Judge Bloom's discovery orders were neither "clearly

erroneous" nor "contrary to law." Rather, Magistrate Judge Bloom's discovery decisions appear to be well-reasoned, and to require appropriate measures to ensure that discovery in this case is completed within a timely manner.

Therefore, this court AFFIRMS Magistrate Judge Bloom's Order dated April 4, 2006.

### 2. Magistrate Judge Bloom's Denial of Extension of Time

In his April 10, 2006 faxed submission, plaintiff requests review of Magistrate Judge Bloom's denial of his request for an extension of time to complete discovery.

The court notes that, since plaintiff's request was received by the court, Magistrate Judge Bloom has granted plaintiff's request for an extension of discovery. Per her order of April 12, 2006, discovery in this matter has been extended until 5/31/2006.

Therefore, plaintiff's request for review is considered moot given Magistrate Judge Bloom's most recent order granting plaintiff's request.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: April 13, 2006
Brooklyn, New York

**SERVICE LIST:**

**Plaintiff**
Hisham A. Khaleel
P.O. Box # 09-0250
Fifth Avenue
Brooklyn, NY 11209-0250

**Defendant's Attorney**
Zachary A. Cunha
United States Attorneys Office
One Pierrepont Plaza
Brooklyn, NY 11201


cc:  U.S. Magistrate Judge Lois Bloom