

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
HISHAM A. KHALEEL,                                : 05 CV 1547 (ARR)(LB)
                                                  :
                           Plaintiff,             : NOT FOR
      -against-                                   : ELECTRONIC OR PRINT
                                                  : PUBLICATION
JOHN E. POTTER, Postmaster General,               :
                                                  :
                           Defendant.             : OPINION AND ORDER
                                                  :
------------------------------------------------------------------ X

ROSS, United States District Judge:

On December 27, 2005, plaintiff filed an interlocutory appeal requesting review of Magistrate Judge Bloom's discovery order dated October 25, 2005 (hereinafter "Oct. 25, 2005 Order").[1] In this October 25, 2005 order, Magistrate Judge Bloom:

(1) denied plaintiff's motion to compel the Postal Service to provide plaintiff with certain information. Because discovery had not yet started, the Magistrate Judge had no reason to believe that an order to compel was necessary, as plaintiff had not yet attempted to ask defendant's counsel to produce the material plaintiff sought (see Transcript of Oct. 20, 2005 Initial Conference (hereinafter "Transcript"), 9-15);

(2) denied plaintiff's request to file a second amended complaint. Magistrate Judge Bloom concluded that the proposed amended complaint was "unlikely to be productive" (see Oct. 2005 Order, 1) based upon plaintiff's explanation at the hearing that the reason that plaintiff wanted to amend his complaint was to include a request for an order to compel (see point 1, supra) and a protective order (see point 4, infra), neither of which were appropriate. See Transcript, 9-11;

---

[1]The court notes that plaintiff's appeal was incorrectly submitted as an appeal to the U.S. Court of Appeals for the Second Circuit. Because plaintiff has not consented to trial in front of a Magistrate Judge, plaintiff should file any appeal of the Magistrate Judge's discovery-related decisions with the District Court rather than the Court of Appeals for the Second Circuit. Plaintiff's notice of appeal is therefore currently being re-docketed as an appeal to the District Court, and should appear on the docket sheet soon.

1

(3) denied plaintiff's "opposition papers motion" filed on October 3, 2005 because the Federal Rules do not provide for a reply to defendant's answer. See Oct. 2005 Order, 1;

(4) denied plaintiff's motion for a protective order, because the protective order the plaintiff apparently sought – to allow him to enter the "Jaffe Building" in order to pursue "a new EEO complaint... separate than what we have now" (Transcript, 33) – was not related to plaintiff's current case before the court, and because plaintiff should request any documents he needed from defendant's attorney rather than going to the building to get them himself. See Transcript, 33-35; and

(5) denied plaintiff's request to conduct depositions by tape recorder because such an arrangement would not provide for "anybody to swear in the witnesses" who were being deposed (Transcript, 14), and suggested that plaintiff instead conduct depositions upon written questions pursuant to Fed. R. Civ. P. 31. See Oct. 2005 Order, 1.

## STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) establish that a district court shall reverse a Magistrate Judge's order regarding a non-dispositive matter only where the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (1988); Fed. R. Civ. P. 72(a). Because pretrial discovery matters are generally considered "non-dispositive" matters, they are reviewed under this "clearly erroneous" standard. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522 (2d Cir. 1990); Popular Imports, Inc. v. Wong's Int'l, Inc., 166 F.R.D. 276, 277 (E.D.N.Y. 1996).

The Supreme Court has stated that a finding is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting United States v. United Gypsum Co., 333 U.S. 364, 395 (1948)). The courts have held that, under this "highly deferential standard of review," magistrate judges are "'afforded broad discretion in resolving discovery disputes and reversal is

appropriate only if their discretion is abused.'" Lyondell-Citgo Ref., LP v. Petroleos de Venez., S.A., No. 02 Civ. 0795, 2005 U.S. Dist. LEXIS 3635, at *5 (S.D.N.Y. Mar. 9, 2005) (quoting Derthick v. Bassett-Walker Inc., Nos. 90 Civ. 5427, 90 Civ. 7479, & 90 Civ. 3845, 1992 U.S. Dist. LEXIS 14505, at *8 (S.D.N.Y. Sept. 23, 1992); see also Perez v. Consol. Edison Co. of N.Y., Inc., No. 02 Civ. 2832, 2003 U.S. Dist. LEXIS 20028, at *5 (S.D.N.Y. Nov. 10, 2003).

## DISCUSSION

The court has reviewed Magistrate Judge Bloom's Order dated October 25, 2005, the transcript of the October 20, 2005 hearing, and the documents submitted by both plaintiff and defendant prior to the hearing.

The court finds that Magistrate Bloom's October 25, 2005 order was neither clearly erroneous nor contrary to law. The court also concludes that no aspect of Magistrate Bloom's Order constituted an abuse of discretion. Rather, the court finds that each element of Magistrate Bloom's October 25, 2005 Order was well-reasoned, and designed to ensure that discovery in this case would be completed in a timely manner.

Therefore, this court AFFIRMS Magistrate Judge Bloom's Order dated October 25, 2005. SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: April 17, 2006
Brooklyn, New York

**SERVICE LIST:**

**Plaintiff**
Hisham A. Khaleel
P.O. Box # 09-0250
Fifth Avenue
Brooklyn, NY 11209-0250

**Defendant's Attorney**
Zachary A. Cunha
United States Attorneys Office
One Pierrepont Plaza
Brooklyn, NY 11201

cc: U.S. Magistrate Judge Lois Bloom

4