UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
HISHAM A. KHALEEL,
                    Plaintiff,

-against-

JOHN E. POTTER, Postmaster General,
                    Defendant.
---------------------------------------------------------------- X

05 CV 1547 (ARR)(LB)

NOT FOR
ELECTRONIC OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

The court has received plaintiff's numerous submissions request, dated April 13, 2006, for a preliminary injunction and temporary restraining order. Specifically, plaintiff requests that this court (1) enjoin defendant from taking plaintiff's deposition, and (2) vacate Magistrate Judge Bloom's April 4, 2006 and April 12, 2006 orders, which ordered plaintiff to comply with various discovery requests and deadlines. Because plaintiff's request for a preliminary injunction and temporary restraining order is entirely without merit, it is DENIED.

**Procedural Clarifications**

First, the court would like to clarify several procedural matters. Plaintiff's allegation that defendant's March 27, 2006 letter was improperly served is without merit. See Fed. R. Civ. P. 5(b)(2)(B); Local Rule 37.3(c). Similarly, both District Court Judges and Magistrate Judges may rule on applications or motions based on the papers alone; a party has no right to a hearing or oral argument on discovery-related matters. See, e.g., Greene v. WCI Holdings Corp., 136 F.3d 313, 315-316 (2d Cir. 1998). Finally, under Eastern District of New York Local Rule 72.2(a), the Magistrate Judge assigned to a case "is empowered to act with respect to all non-dispositive

1

pretrial matters unless the assigned district judge orders otherwise." Magistrate Judges regularly decide any and all pre-trial discovery matters, subject to review for abuse of discretion by the District Court Judge. Therefore, Magistrate Judge Bloom will continue to oversee all pre-trial aspects of this case, including but not limited to the resolution of any and all discovery disputes.

## Magistrate Judge Bloom's April 4, 2006 and April 12, 2006 Orders are AFFIRMED

At plaintiff's request, this court has previously reviewed Magistrate Judge Bloom's April 4, 2006 Order. In an opinion issued April 13, 2006, this court affirmed Magistrate Judge Bloom's April 4, 2006 Order, which required plaintiff to (1) produce any documents that he intends to use to support his claim, and any documents that are responsive to defendant's document requests, and (2) schedule his deposition and appear to be deposed by April 20, 2006. See Opinion and Order, April 13, 2006. This court found that Magistrate Judge Bloom's April 4, 2006 Order was neither an abuse of discretion nor contrary to law; in fact, the requirements imposed by Judge Bloom's discovery decisions were appropriate and necessary to ensure the timely completion of discovery in this case. Id.

Having also reviewed Magistrate Judge Bloom's April 12, 2006 discovery order, this court similarly finds that the decisions therein are neither an abuse of discretion nor contrary to law, and that the requirements imposed on plaintiff were appropriate and necessary to ensure the timely completion of discovery. The April 12, 2006 Order is also affirmed.

## Failure to Show Irreparable Harm

Plaintiff has not shown that any irreparable harm will result from his compliance with any of Magistrate Judge Bloom's discovery orders. First, plaintiff alleges that he "will suffer

2

immediate and irreparable injuries, loss and damage" including "risk of preclusion of [his] bulky exhibits that include[] thousands of documents relevant to [his] case to pursue his claims..." Pl.'s Aff. In Support of Req. For PI and TRO, p.1. The court notes that the defendant has kindly offered to assist plaintiff by copying these voluminous documents for him; if plaintiff does not wish to take advantage of defendant's offer, he must bear the copy expenses himself or accept that he will be unable to use these documents during this litigation.

Plaintiff also alleges that he will suffer "dental health problems" if he fails to keep his dental appointments. Id. Presumably, plaintiff suggests that he is unable to be deposed due to these dental appointments. The court notes that Magistrate Judge Bloom gave plaintiff the option, two weeks ago, to select a date for his deposition; given this advance warning, plaintiff could presumably have arranged to be available on at least one of the four available dates.

## Sanctions

Defendant suggests, in his April 18, 2006 letter to the court, that plaintiff's refusal to schedule or appear for his deposition warrants sanctions, possibly including dismissal of this action with prejudice under Rule 37(b) of the Federal Rules of Civil Procedure. Def. Letter, 4/18/06, at 3. The court takes this opportunity to warn plaintiff that, if he wishes to continue with this litigation, he **must** comply with the discovery orders issued by Magistrate Judge Bloom. Although plaintiff has a right to appeal any decision by Judge Bloom which he believes to be so "contrary to law" that it constitutes an "abuse of discretion," plaintiff is hereby warned that continued failure to comply with reasonable decisions of the Magistrate Judge is likely to result in severe sanctions.

Importantly, the defendant is correct that Magistrate Judge Bloom's decision regarding plaintiff's deposition was among the matters affirmed by this court on April 13, 2006. The result of that affirmance was an unambiguous order of this court that plaintiff comply with Judge Bloom's orders on pain of sanctions. In lieu of compliance, plaintiff filed the instant meritless and, indeed, frivolous application to restrain compliance with the order this court had already affirmed.

Plaintiff is hereby warned that this court will not countenance what defendant accurately characterizes as plaintiff's "obdurate refusal" to comply with court orders. Id. Nor will the court countenance attempts to delay compliance with final orders by frivolous requests for restraint of court orders or unwarranted requests for reconsideration. Plaintiff **must** understand that refusal to adhere to court orders **will** result in the dismissal of his lawsuit with prejudice.

## CONCLUSION

Therefore, plaintiff's request for a preliminary injunction and temporary restraining order are DENIED. Plaintiff is ordered to comply with Magistrate Judge Bloom's orders regarding the production of documents, and to schedule and appear for his deposition as ordered.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: April 18, 2006
Brooklyn, New York

**SERICE LIST:**

**Plaintiff**
Hisham A. Khaleel
P.O. Box # 09-0250
Fifth Avenue
Brooklyn, NY 11209-0250

**Defendant's Attorney**
Zachary A. Cunha
United States Attorneys Office
One Pierrepont Plaza
Brooklyn, NY 11201

cc: U.S. Magistrate Judge Lois Bloom