FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ OCT 31 2006 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------

HISHAM A. KHALEEL,

                        Plaintiff,

-against-

JOHN E. POTTER, Postmaster General,

                        Defendant.

--------------------------------------------------------X

05 CV 1574 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On October 24, 2006, plaintiff filed an interlocutory appeal requesting review of Magistrate Judge Bloom's discovery order dated August 24, 2006.[1] In this August 24, 2006 order, Magistrate Judge Bloom denied plaintiff's motion to compel discovery on grounds that it was overbroad and unduly burdensome. Magistrate Judge Bloom granted plaintiff thirty days to tailor and re-submit his discovery requests in order to overcome defendant's objections, otherwise closed discovery, and set forth a schedule for defendant's summary judgment motion. Magistrate Judge Bloom further determined that there was no need for a status conference at that time.

Mr. Khaleel's request for review of Magistrate Judge Bloom's August 24, 2006 order is denied as time-barred. Rule 72(a) of the Federal Rules of Civil Procedure, which governs

---

[1] The court notes that, in addition to being filed as an appeal to the District Court, plaintiff's appeal was also incorrectly submitted as an appeal to the U.S. Court of Appeals for the Second Circuit. Because plaintiff has not consented to trial in front of a magistrate judge, plaintiff should file any appeal of the magistrate judge's discovery-related decisions only with the District Court and not the Court of Appeals for the Second Circuit. Plaintiff's notice of appeal has been correctly docketed as an appeal to the District Court

1

pretrial orders by magistrate judges on nondispositive matters, states that, "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." F.R. Civ. P. 72(a). Pretrial discovery matters are generally considered nondispositive of the litigation, see Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522 (2d Cir. 1990), and thus this rule applies. Because Mr. Khaleel's objection was filed two months after Magistrate Judge Bloom's order, it is untimely.

Moreover, the result is the same even if this court reviews Magistrate Judge Bloom's on substantive grounds. Rule 72(a) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) establish that a district court shall reverse a Magistrate Judge's order regarding a non-dispositive matter only where the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (1988); Fed. R. Civ. P. 72(a). Mr. Khaleel has not identified any reason why Magistrate Judge Bloom's order does not comply with this standard, and the court finds none. Rather, the court finds that each element of the August 24, 2006 Order was well-reasoned and designed to ensure that discovery in this case would be completed in a timely manner while giving the plaintiff an opportunity to revise his discovery request in order to obtain documents pertinent to his claims.

For the foregoing reasons, Mr. Khaleel's motion for review is denied.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated: October 26, 2006
Brooklyn, New York